THE STATE OF OHIO, APPELLEE, *v.* HOLMES, APPELLANT.

[Cite as *State v. Holmes,* 111 Ohio St.3d 1210, 2006-Ohio-5850.]

(No. 2005-0937—Submitted March 28, 2006—Decided November 29, 2006.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

PFEIFER, J., dissenting.

{¶ 2} Section 14, Article I of the Ohio Constitution provides that the "right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated." In *State v. Robinette* (1997), 80 Ohio St.3d 234, 245, 685 N.E.2d 762, we stated, "Section 14, Article I of the Ohio Constitution affords protections that are coextensive with those provided by the Fourth Amendment [to the Constitution of the United States]." This court can impose a more stringent standard than the federal standard when "there are persuasive reasons" to do so. Id. at 239, 685 N.E.2d 762. See, also, *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163, paragraph one of the syllabus.

{¶ 3} "It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York* (1980), 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639, quoting *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 477, 91 S.Ct. 2022, 29 L.Ed.2d 564. See, also, *Minnesota v. Dickerson* (1993), 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334. The officers in this case did not have a warrant.

{¶ 4} The presumption of unreasonableness applies "except in a few well-defined and carefully circumscribed instances," including consent. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶ 98, citing *Coolidge,* 403 U.S. at 454–455, 91 S.Ct. 2022, 29 L.Ed.2d 564. See *Georgia v. Randolph* (2006), —— U.S. ——, 126 S.Ct. 1515, 1518–1519, 164 L.Ed.2d 208 ("The

Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area"); *Illinois v. Rodriguez* (1990), 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148. The officers in this case did not have express consent to enter.

{¶ 5} Consent to search must be given voluntarily, and the subject of a search has the right to refuse consent. *Georgia v. Randolph*, — U.S. at —, 126 S.Ct. at 1518–1519, 164 L.Ed.2d 208; *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 249, 93 S.Ct. 2041, 36 L.Ed.2d 854. The record contains little evidence (facial expressions and an opened door) that the officers received voluntary consent to enter the home. Negating that evidence is Officer Engelhart's statement, "In my line of work * * * if you wait for them to invite you in, you are wasting your time." There is evidence that indicates that the appellant refused to consent to the officer's entry.

{¶ 6} When the state claims that a defendant consented to a warrantless entry, and the defendant disputes it, the burden rests on the state to show consent. *Vale v. Louisiana* (1970), 399 U.S. 30, 34, 90 S.Ct. 1969, 26 L.Ed.2d 409, citing *Chimel v. California* (1969), 395 U.S. 752, 762, 89 S.Ct. 2034, 23 L.Ed.2d 685, *United States v. Jeffers* (1951), 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59, and *McDonald v. United States* (1948), 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153. The record does not contain sufficient evidence to establish that the state has satisfied its burden to show that the officers involved obtained voluntary consent to enter the home. I would reverse the judgment of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard Kasay, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, and Katherine A. Szudy, Assistant Public Defender, for appellant.